**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

CALL 4 HEALTH, INC.

Defendant.
_________________________________/

Civil Action No. 9:26-cv-81333 EA

**EEOC RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Equal Employment Opportunity Commission ("EEOC" or "the Commission") responds to Defendant, Call 4 Health's ("Defendant") Motion to Dismiss (the "Motion"), and states the following:

**INTRODUCTION**

Defendant's only argument – that EEOC failed to conciliate in good faith – was precluded more than a decade ago by the Supreme Court in *Mach Mining, LLC v. EEOC*, 575 U.S. 480 (2015). *Mach Mining* is still the controlling authority on the specific issue of how much judicial review courts may conduct when deciding if the EEOC met its conciliation requirements. The scope of judicial review is extremely narrow. *Id.* at 483. Despite this well-acknowledged precedent, Defendant cites numerous cases predating *Mach Mining* that use rejected standards of review focusing on an illusory good faith requirement in conciliation. *Mach Mining* specifically explains Congress's intent for EEOC conciliations "eschew[s] any reciprocal duties of good-faith negotiation." *Id.* at 491. Furthermore, the Supreme Court held the EEOC has discretion to conduct

conciliation negotiations in the manner it sees fit, *id*. at 492, and as it relates to this case, EEOC did not have to provide the information Defendant requested about class members. Instead, the narrow scope of review merely requires this Court to ask: (1) did EEOC notify the employer of an alleged violation of an employment practice and which employees (or class of employees) have suffered as a result, and (2) whether EEOC tried to engage the employer in a discussion to remedy the alleged discriminatory practice. *Id*. at 495. As shown below, EEOC complied with both requirements during the conciliation of this case, so the motion to dismiss should be denied.

## **CONCILIATION HISTORY**

Defendant's "Procedural Background" only gives an abbreviated account of the conciliation process between the parties tailored to bolster its argument.[1] ECF No. 6 at 2–4. While EEOC provides the complete conciliation timeline here, even Defendant's abbreviated version conclusively demonstrates EEOC fulfilled both *Mach Mining* requirements. The first requirement – to provide notice informing the employer of the alleged violation and which class of employees suffered as a result – was met when EEOC sent Defendant a Letter of Determination on May 14, 2026. ECF No. 6–2. That letter states, in relevant part, "there is reasonable cause to believe Respondent *discriminated and retaliated against Charging Party and a class of similarly situated employees from July 2023 to the present in violation of the PWFA …*". *Id.* at 1. (emphasis added).

[1] The motion to dismiss would have this Court believe Defendant's concern about the class members was the only source of disagreement between the parties during conciliation. ECF No. 6 at 6. While EEOC will not delve into confidential conciliation communications, Defendant's motion is misleading and invites this Court to analyze the facts and circumstances of the negotiations. However, as explained in more detail below, *Mach Mining* explicitly advises courts not to "do a deep dive into the conciliation process", and violate the statutory confidentiality of the process by requiring disclosure of the back and forth negotiating points between the parties. *Id*. at 490-94.

*Mach Mining*'s second requirement, that the EEOC must try to engage employers in some form of discussion to give the employer an opportunity to remedy the discriminatory practice, was also met through subsequent communications with Defendant. On June 1, 2026, EEOC emailed Defendant a letter outlining the monetary and injunctive relief sought by the Commission as part of its conciliation efforts. Ex. A, Declaration of EEOC District Director Evangeline Hawthorne, ¶ 7. On June 12, 2026, Defendant responded by letter to EEOC's initial terms. Ex. A ¶ 8. On June 17, 2026, EEOC responded to Defendant's June 12, 2026 letter via email. Ex. A ¶ 9. On June 24, 2026, Defendant emailed EEOC a letter regarding conciliation. Ex. A ¶ 10. On June 29, 2026, EEOC responded by email to Defendant's June 24, 2026 letter. Ex. A ¶ 11. On July 8, 2026, Defendant emailed EEOC a letter regarding conciliation. Ex. A ¶ 12. On July 10, 2026, EEOC responded by email to Defendant's July 8, 2026 letter. Ex. A ¶ 13. On July 14, 2026, Defendant replied to EEOC's July 10, 2026 email. Ex. A ¶ 14. On July 20, 2026, EEOC responded to Defendant's July 14, 2026 email. Ex. A ¶ 15. On July 22, 2026, Defendant responded to EEOC's July 20, 2026 email. Ex. A ¶ 16. On July 27, 2026, EEOC notified Defendant that efforts to conciliate had been unsuccessful. Ex. A ¶ 17; ECF No. 6–3. These numerous communications, spanning over a month, show EEOC engaged in discussions in an effort to have Defendant remedy the alleged discriminatory practice.

## **ARGUMENT**

### ***I. EEOC Alleged that All Conditions Precedent Have Been Met***

As an initial matter, Defendant's failure to conciliate argument should not be resolved in a motion to dismiss. A plaintiff's obligation to exhaust administrative remedies is a condition precedent to filing a lawsuit under Title VII rather than a jurisdictional requirement. *See Fouche v. Jekyll Island-State Park Auth.*, 713 F.2d 1518, 1525 (11th Cir. 1983) ("[A]ll Title VII procedural

requirements to suit are henceforth to be viewed as conditions precedent to suit rather than as jurisdictional requirements.”). The EEOC adequately pled satisfaction of the conditions precedent in accordance with Federal Rule of Civil Procedure 9 and Eleventh Circuit precedent because, at this stage, a general averment that all conditions precedent are met is sufficient. Fed. R. Civ. P. 9(c) (“In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed.”); *Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1224 (11th Cir. 2010) (general statement in complaint that condition precedent was met sufficient to discharge plaintiff's duty under Rule 9).

Further, EEOC specifically alleged the Commission fulfilled its conciliation obligations. ECF No. 1 at ¶¶ 7–13. Therefore, this Court may deny the motion to dismiss on that basis alone. *See EEOC v. Discount Auto Parts LLC*, No. 24-Civ-81200, 2025 WL 1640818, at *3 (S.D. Fla. Feb. 27, 2025) (“Although courts may conduct a limited review to determine the sufficiency of the EEOC's notice and conciliation efforts, that review is best left for the summary judgment phase with the benefit of an evidentiary record. It is not a proper inquiry at the pleading stage. The EEOC has sufficiently pled that it satisfied all conditions precedent…prior to filing suit.”) (citations omitted); *EEOC v. Enter. Leasing Co. of Fla., LLC*, No. 0:23-CV-61744-WPD, 2023 WL 12203226, at *3 (S.D. Fla. Nov. 13, 2023) (denying motion to dismiss complaint for failure to conciliate where EEOC adequately alleged conditions precedent to suit had been satisfied); *EEOC v. Universal Diversified Enterprises, Inc.*, No. 18-cv-23573-UU, 2019 WL 13255689, *8–10 (S.D. Fla. Feb. 27, 2019) (denying motion to dismiss filed by third party defendant not named in charge of discrimination because EEOC’s complaint affirmed all conditions precedent had been met); *EEOC v. Farmers Ins. Co.*, 24 F. Supp. 3d 956, 965 (E.D. Cal. 2014) (“The EEOC need not plead facts to show that it conducted a pre-suit investigation as to [the claims], the substance of its statement of reasonable

cause, or its conciliation efforts. At this stage, the Court is satisfied with Plaintiff's conclusory representation that all conditions precedent to the institution of this lawsuit [have] been fulfilled.") (quotations omitted).

### ***II. Congress Intended Conciliation to be an Informal Process Granting EEOC Wide Latitude in Conducting Negotiations with Employers.***

In *Mach Mining*, the Supreme Court decided the proper scope of judicial review courts should exercise to evaluate whether the EEOC carried out its obligation to conciliate. 575 U.S. 480 (2015). The basic facts of the case are instructive: EEOC filed a sex discrimination lawsuit against an employer; the employer's answer disputed whether EEOC had conciliated in good faith before filing suit; EEOC moved for summary judgment asserting it properly conciliated, and argued for the "most minimalist form of review imaginable"; whereas the employer argued for a good faith standard requiring courts to do a "deep dive" into the conciliation process. *Id.* at 484, 89–90.

Thus, the Supreme Court had to determine the extent to which courts could examine the conciliation process to decide if the EEOC fulfilled its obligations. The Court began its analysis by emphasizing Title VII's mandatory language required the EEOC to "endeavor to eliminate [an] alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." *Id.* at 486; *see also* 42 U.S.C.A. § 2000e-5(b).[2] From that basis, the Court recognized Title VII "provides the EEOC with wide latitude over the conciliation process, and that feature

[2] The instant case against Defendant, Call 4 Health, Inc., is brought under the Pregnant Worker's Fairness Act ("PWFA") at 42 U.S.C. § 2000gg-1. The PWFA is largely modeled after Title VII and adopts Title VII's remedial provisions, which includes the requirement to conciliate. *See* 42 U.S.C. § 2000gg-2; *see also EEOC v. Sec. Assurance Mgmt., Inc.*, No. CV 25-00181 (RC), 2025 WL 2911781, at *4 (D.D.C. Oct. 14, 2025) ("Where the language of the PWFA mirrors that of…Title VII, the Court applies the legal standards governing…Title VII claims to Plaintiff's corresponding PWFA claims, as the PWFA…and Title VII all share the same purpose: eliminating workplace discrimination.").

becomes significant" to determine the appropriate scope of judicial review. *Id.* at 488. The Court noted Title VII requires the EEOC to "afford the employer a chance to discuss and rectify a specified discriminatory practice — but goes no further", as such "limited review respects the expansive discretion" the statute gives EEOC over the conciliation process. *Id.* at 489. Ultimately, the Court fashioned a two-part test for reviewing courts to determine if EEOC has fulfilled its duty to attempt conciliation of claims:

(1) Whether EEOC ***informed*** the employer about the alleged discriminatory practice and which employees (or class of employees) have suffered as a result; and

(2) Whether the EEOC ***tried*** to engage the employer in some form of discussion (written or oral), to give the employer an opportunity to remedy the alleged practice.

*See id.* at 494. The Court specifically found judicial review of those two requirements, "and nothing else", ensures EEOC complies with Congress's intent for conciliation. *Id.* Since *Mach Mining*, trial courts (including many in this Circuit) have used this narrow scope of review to find the EEOC met its conciliation obligations. *See EEOC v. Discount Auto Parts LLC et al.*, No. 24-Cv-81200-Rosenberg, 2025 WL 1640818, at *3 (S.D. Fla. Feb. 27, 2025) (denying motion to dismiss for failure to exhaust administrative remedies where EEOC adequately plead performance of conditions precedent by sending determination letter and attempting to correct unlawful employment practices through conciliation); *EEOC v. Princess Martha, LLC,* No. 8:22-CV-2182-CEH-AAS, 2023 WL 3569348, at *3 (M.D. Fla. May 19, 2023) ("Here, the Letter of Determination demonstrates that the EEOC attempted to confer about the charge described in the letter. The Court's judicial review of that attempt goes no further.") (quotation marks omitted); *EEOC v. Harrison Poultry, Inc.*, No. 214CV00227WCOJCF, 2016 WL 8309666, at *1 (N.D. Ga. Aug. 3, 2016) (denying summary judgment for defendant where EEOC sent determination letter and conciliation agreement, invited employer to submit further evidence, and employer denied interest

in pursuing conciliation); *EEOC v. Lawler Foods, Inc.*, No. 4:14-CV-03588, 2015 WL 8457816, at *3 (S.D. Tex. Dec. 4, 2015) (noting *Mach Mining* only requires the EEOC to notify defendants of alleged unlawful practices, not specific evidence supporting its allegations); *EEOC v. Blinded Veterans Ass'n.*, 128 F. Supp. 3d 33, 44 (D.D.C. 2015) ("BVA's invitation for the Court to place itself in the shoes of the negotiating parties, to assess how particular proposals should have been understood . . . and to evaluate whether the EEOC ended the conciliation process [too] abruptly vastly exceeds the type of review contemplated by *Mach Mining*.").

As discussed in the Conciliation History section, *supra*, Defendant's Motion alone provides this Court with enough information to find EEOC met *Mach Mining*'s two-part test. First, Defendant attached the Letter of Determination it received from EEOC to its Motion. ECF No. 6–2. That determination letter informed Defendant that EEOC believed various provisions of the PWFA were violated as to Charging Party and a class of similarly situated employees within a specific time period. *Id.* Second, Defendant's Motion recites how EEOC engaged in discussions to remedy the PWFA violations. *See* ECF No. 6 at 3–4. Specifically, Defendant explains "EEOC issued a letter with a proposal for remedies", and that several further communications occurred between the parties over the course of the next two months. *Id.* That is all EEOC was required to do, and that is what the Supreme Court *via Mach Mining* and Congress *via* Title VII, instruct this court to examine on a limited review of the conciliation process. Therefore, Defendant's Motion should be denied based on the facts admitted in its own motion. *See EEOC v. W. Distrib. Co.*, 218 F. Supp. 3d 1231, 1238 (D. Colo. 2016) ("Rather than persuading me that EEOC did not engage in conciliation, Western Distributing's arguments demonstrate EEOC adequately participated in conciliation.").

### *III. Mach Mining Repudiated any Notion that EEOC must Conciliate in "Good Faith"*

Despite the Supreme Court's articulation of a two-part test reflecting the limited review Congress intended for EEOC conciliations, Defendant improperly advocates for a non-existent and more-exacting form of review of the conciliation process: the good faith standard. *See generally* ECF No. 6. The employer in *Mach Mining* already made arguments similar to those Defendant makes in its motion to dismiss. Specifically, the *Mach Mining* employer argued, *inter alia*, that good faith required EEOC to lay out the factual and legal basis for all its positions (including calculations for monetary demands); the agency could not make "take-it-or-leave-it" offers, but instead had to "go back and forth" during negotiations; and, the agency had to provide a minimum offer it would accept to resolve the claim. *Id.* at 490–91. Likewise here, the Motion mainly complains EEOC did not provide factual support for Defendant to ascertain the class of employees similarly situated to the Charging Party or the basis for their inclusion in the class, and as a result, Defendant could not determine the scope of its potential exposure. ECF No. 6 at 3–4.

The *Mach Mining* decision is more than a decade old, and it unmistakably rejects any notion that judicial review of the conciliation process should have a good-faith component. The opinion directly addressed the employer's flawed reasoning: "Citing the standard set out in the National Labor Relations Act (NLRA), Mach Mining wants a court to consider whether the EEOC has negotiated in good faith over a discrimination claim." 575 U.S. at 490 (quotation marks omitted). In its analysis, the Supreme Court first distinguished the NLRA from Title VII, noting the NLRA was a *process-oriented* statute focused on resolving labor disputes, which required courts to fashion a "detailed body of rules to police good-faith dealing divorced from outcomes…". *Id.* at 491. But Title VII is a *results-oriented* statute, focusing on eliminating workplace discrimination, and Congress's intent was to give the EEOC "flexibility" in bringing employers

into voluntary compliance with the law's commands. *Id.* at 492. Looking directly to the text of Title VII's conciliation provision, the *Mach Mining* Court explained EEOC's attempt to pursue compliance "need not involve any specific steps or measures; rather, the Commission may use in each case whatever 'informal' means of 'conference, conciliation, and persuasion' it deems appropriate. And the EEOC alone decides whether in the end to make an agreement or resort to litigation…". *Id.* Finally, the Supreme Court observed Congress left all conciliation strategy to the EEOC's discretion, such as "whether to make a bare-minimum offer, to lay all its cards on the table, or to respond to each of an employer's counter-offers, however far afield." *Id.*

Given *Mach Mining*'s unambiguous guidance on the proper scope of judicial review, federal courts routinely reject assertions that EEOC failed to properly conciliate because negotiations were not conducted in good faith.[3] *See EEOC v. O'Reilly Auto. Stores, Inc.*, 2020 WL

---

[3] Defendant cites numerous cases predating *Mach Mining* in support of its argument that EEOC was required to negotiate in good faith: *EEOC v. Evans Fruit Co.*, 872 F. Supp. 2d 1107 (E.D. Wash. 2012); *EEOC v. Asplundh Tree Expert Co.*, 340 F.3d 1256 (11th Cir. 2003); *EEOC v. Klingler Elec. Corp.*, 636 F.2d 104 (5th Cir. 1981); *EEOC v Pet, Inc.*, *Funsten Nut Div.,* 612 F.2d 1001 (5th Cir. 1980). Notably, *Asplundh*'s holding was specifically rejected in *Mach Mining* for using a standard requiring the EEOC to "respond in a reasonable and flexible manner to the reasonable attitudes of the employer". *See Mach Mining* at 485 n.1. The *Klingler* decision also used the reasonableness standard referenced in *Asplundh*, but "[n]otably absent from the *Mach Mining* test is any inquiry similar to that required by the third prong of the Fifth Circuit test. *Mach Mining* simply leaves no room for judicial review of the reasonableness and flexibility of the EEOC's conciliatory communications." *EEOC v. Lawler Foods, Inc.*, at *3 n.1 (S.D. Tex. Dec. 4, 2015). The remainder of Defendant's citations are simply untenable after *Mach Mining*. *See EEOC v. Birchez Assocs., LLC*, 2020 WL 1283560, at *2 (N.D.N.Y. Mar. 18, 2020) ("Defendants' brief cites a number of cases predating *Mach Mining* in an effort to establish certain 'good faith' obligations of Plaintiff prior to ending conciliation efforts. Those cases offer little support to Defendants in the wake of the Supreme Court's decision.") (citations omitted).

The notable exception relied upon by Defendant is *EEOC v. OhioHealth Corp.*, 115 F. Supp. 3d 895 (S.D. Ohio June 29, 2015), an opinion released two months after *Mach Mining*, but which has also been explicitly rejected by other courts. After remand from the Supreme Court, the *Mach Mining* trial court addressed *OhioHealth*'s reasoning and found "it impermissibly considered positions taken by the parties during the conciliation", because it still required EEOC to lay out the factual and legal bases for its positions. *EEOC v. Mach Mining, LLC*, 161 F. Supp. 3d 632, 635 (S.D. Ill. 2016); *see also Dimensions Healthcare Sys.*, 188 F. Supp. 3d at 523 n.6 (D. Md. 2016).

13547859, at *6 (M.D. Fla. Jan. 21, 2020), report and recommendation adopted, 2020 WL 13547822 (M.D. Fla. Feb. 24, 2020) ("O'Reilly's assertion that the EEOC was required (and failed) to conciliate in good faith runs contrary to the holding in *Mach Mining*."); *EEOC v. Harrison Poultry, Inc.*, at *1 (N.D. Ga. Aug. 3, 2016) (employer argued EEOC had to communicate in good faith and court noted "it is not clear from where defendant derives this duty and to what it applies" in light of *Mach Mining* decision); *EEOC v. W. Distrib. Co.*, 218 F. Supp. at 1237 (D. Colo. 2016) ("Despite *Mach Mining*'s clear directive, Western Distributing would have me police the minutia of the EEOC's conciliation efforts"); *EEOC v. Dimensions Healthcare Sys.*, 188 F. Supp. 3d 517, 523 (D. Md. 2016) ("Moreover, to the extent Dimensions Healthcare requests that this Court pry into whether the EEOC negotiated in good faith, any such argument was explicitly foreclosed by *Mach Mining*, as multiple courts have recognized since the Supreme Court issued that decision.").

Courts have also expressly rejected Defendant's principal argument that EEOC was required to identify the class members. *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1200 (9th Cir. 2016) (citing *Mach Mining* to conclude EEOC does not have to identify and conciliate on behalf of each individual in the class to satisfy conciliation requirements); *EEOC v. Bass Pro Outdoor World, L.L.C.*, 826 F.3d 791, 805 (5th Cir. 2016) ("Even if the EEOC did not initially provide the names of specific victims, it informed Bass Pro about the class it had allegedly discriminated against…".). Rather, it is entirely appropriate for EEOC to conciliate on behalf of a class of individuals. *See, e.g., EEOC v. Atl. Capes Fisheries, Inc.*, 284 F. Supp. 3d 133, 134 (D. Mass. 2018) ("The EEOC is not required to identify each aggrieved individual in a class in the pre-suit conciliation proceedings."); *EEOC v. United Parcel Service*, 15-CV-4141 (MKB) (CLP), 2017 WL 2829513, at *9 (E.D.N.Y. June 29, 2017) (finding that there is no obligation to conciliate on behalf of each individual claimant and noting caselaw holding that EEOC can identify new

claimants during the course of litigation); *EEOC v. W. Distrib. Co.*, 218 F. Supp. 3d at 1238 (D. Colo. 2016) ("Accordingly, the EEOC is not required to identify each aggrieved individual, even if—as seems likely—it would have put Western Distributing in a better position to respond to the EEOC's settlement offer.").

Finally, consistent with *Mach Mining*, federal courts have recognized that confidential conciliation communications are protected from disclosure under Title VII. *See, e.g., EEOC v. Phase 2 Investments, Inc.*, Civ. No. JKB-17-2463, 2018 WL 826526, at *8 (D. Md. Feb. 12, 2018) ("Only when all of the parties to the conciliation—the EEOC, Mister, and the Charging Parties—agree can the material be published."); *EEOC v. Brown-Thompson Gen. P'ship*, No. CIV-16-1142-R, 2017 WL 11448296, at *2 (W.D. Okla. Aug. 4, 2017) ("*Mach Mining* clearly dictates that contrary to Defendant's contentions, the submission of certain evidence to the Court in response to Plaintiff's Motion to Compel was in error and violated the non-disclosure provisions of § 2000e-5(b) … Defendant is prohibited from submitting any further materials that are confidential in violation of § 2000e-5(b)."). Here, Defendant's summary disclosure of conciliation communications directly contravenes the statute's express confidentiality mandate. *See* 42 U.S.C. § 2000e-5(b) ("Nothing said or done during and as part of such informal endeavors may be made public by the Commission, its officers, or employees, or used as evidence in a subsequent proceeding without the written consent of the person concerned."). EEOC will confer with Defendant and, if necessary, move to strike the conciliation communications from Defendant's Motion. *See EEOC v. Sol Mexican Grill, LLC*, 415 F. Supp. 3d 5, 17-18 (D.D.C. 2019) (striking and sealing portions of Defendant's pleadings containing an email chain attachment and information referencing the email chain attachment as improper conciliation evidence); *Dimensions Healthcare*, 188 F. Supp. 3d at 522 (D. Md. 2016) ("Accordingly, the Court will grant

the EEOC's Motion to Strike those portions of Dimensions Healthcare's briefing and Long's affidavit which reveal some of what was 'said or done' during the conciliation process."); *EEOC v. W. Distrib. Co.*, 218 F. Supp. 3d at 1240-42 (D. Colo. 2016) (striking portions of employer's motion to dismiss that primarily consist of the back and forth related to the conciliation process).

### ***IV. Motion to Stay Should be Denied Because Defendant Presented No Credible Evidence EEOC did not Adequately Conciliate***

Defendant alternatively moves this Court to stay the case so the parties can conciliate again. ECF No. 6 at 9. That request should be denied.

In *Mach Mining*, the Supreme Court established the limited circumstances where a court may stay proceedings and order the EEOC to undertake further conciliation. 575 U.S. at 494–5. The Court explained the EEOC ordinarily can demonstrate compliance with its conciliation obligation through a sworn affidavit describing its efforts. *Id.* If the employer presents credible evidence challenging the EEOC's account, the court must conduct the fact-finding necessary to resolve that narrow factual dispute. *Id.* Only if the court determines that the employer has prevailed on that issue may it stay the proceedings and order further conciliation. *Id.*

Here, EEOC has attached to this Response a declaration from the District Director of EEOC's Miami District Office. *See* Exhibit A. Defendant, however, did not provide its own affidavit or any evidence for the Court's consideration. Further, even if Defendant does provide an affidavit in reply, it could not give this Court any more factual information in support of its argument than the Motion to Dismiss already has. As discussed above, Defendant does not even argue that EEOC failed to meet the statutory obligations articulated in *Mach Mining*; rather, Defendant takes issue with the extent and depth of the communications that took place between the parties over the course of two months. ECF No. 6 at 5–9. As such, this Court already has all the information it needs, and no additional fact-finding is necessary to determine EEOC met its

conciliation obligations. *See EEOC v. MJC, Inc.*, 306 F. Supp. 3d 1204, 1218 (D. Haw. 2018) (motion to stay and redo conciliation denied where Defendants failed to carry their burden of providing 'credible evidence' indicating a lack of conciliation). To the extent, however, that the Court finds that there is a factual dispute, EEOC specifically requests that the Court hold the fact-finding conference required under *Mach Mining* before issuing a stay of the case.

## **CONCLUSION**

In summary, the EEOC met its statutory conciliation obligations. First, EEOC alleged that all conditions precedent to filing suit have been met, which is an independent basis to deny the motion to dismiss. Second, Defendant does not dispute the EEOC met *Mach Mining's* two-part test. Instead, Defendant takes issue with the level of detail provided by the EEOC during conciliation, a matter not subject to judicial review and not required of the EEOC. As such, Defendant's motion to dismiss should be denied on that basis as well.

Respectfully submitted on November 25, 2026.

*s/ Toussaint Cummings*
Toussaint Cummings
Trial Attorney
Florida Bar No. 119877

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
toussaint.cummings@eeoc.gov